UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H & L REAL ESTATE
INVESTMENTS, LLC,

        Plaintiff,

Case No. 2:16-CV-10626
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

v.

THE TRAVELERS INDEMNITY
COMPANY OF AMERICA, *et al.*,

        Defendants.

_____/

### ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATE SERVICE OF SUBPONEA UPON NON-PARTY NINA BRYANT (DE 13)

**I.**    **Background**

The instant lawsuit involves a dispute between Plaintiff, H & L Real Estate Investments, LLC ("H&L") and Defendant, Travelers Indemnity Company of America ("Travelers") over Travelers' decision to deny coverage to H & L when an insured property was burned down. Nina Bryant rented space in the insured building, but is not a party to this lawsuit. Ms. Bryant was deposed on June 3, 2016 and testified to the amount she paid in rent to H & L. (DE 13-5 at 9-10.) Travelers asserts that it has found records suggesting this testimony was not truthful. Ms. Bryant also testified that 22519 Amherst, St. Clair Shores, Michigan, was her current address. (DE 13-5 at 7.)

Travelers issued a subpoena to Ms. Bryant at her last known address, 22519 Amherst, St. Clair Shores, Michigan, 48081, on an unspecified date, seeking "certain records" by January 5, 2017.  (DE 13-8.)[1]   The subpoena was returned unclaimed and Ms. Bryant did not provide a response.  (DE 13-8 and 13-9.)  On January 6, 2017, Travelers issued a second subpoena along with a letter specifying that it was seeking copies of her tax returns and evidence of rental payments to H & L.  (DE 13-10.)   An affidavit from a process server reveals that she attempted to serve the subpoena on Nina Bryant at her last known address a total of seven times, to no avail.  (DE 13-11.)

Travelers filed the instant *ex parte* motion on February 1, 2017, seeking to serve the subpoena by first class mail and by posting a copy of the subpoena at her last known address, 22518 Amherst, St. Clair Shores, Michigan.

## II.   Analysis

Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena requires delivering a copy to the named person . . . ."  Fed. R. Civ. P. 45(b)(1). This district has allowed service of a subpoena by alternate means "once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort" and the alternate means are "reasonably calculated to achieve actual

---

[1] The rider explaining the documents to be produced was not attached to the first subpoena in the documents filed with the Court, but was provided with the second subpoena.  (DE 13-10.)

delivery." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011).

As to the first requirement, the court in *OceanFirst* determined that the party seeking information had *not* made a diligent effort to personally serve the witness by using an address found on an expired Michigan driver's license. *Id.* at 755. Diligence has been found when the subpoena was sent to an address where the witness had been successfully served before, *Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp.*, No. 12-cv-10803, 2014 WL 10319321, at *4 (E.D. Mich. July 2, 2014), and where the party seeking information attempted to serve the subpoena at the witness's address three times, *Nithyananda Dhanapeetam of Columbus v. Rao*, No. 14-cv-51228, 2016 WL 1637559, at *3 (E.D. Mich. Apr. 26, 2016) (quashing the subpoena on other grounds).  Here, Travelers attempted to serve two separate subpoenas at the address provided, under oath, by Ms. Bryant as her current residence during her June 3, 2016 deposition.  A process server made seven unsuccessful attempts to serve the subpoena at this address.  The Court concludes that Travelers has made a diligent effort to personally serve Ms. Bryant pursuant to Rule 45.

As to the second requirement, "[m]ailing by first-class mail to the actual address of the intended recipient" along with "posting at the known address" will generally suffice to show that the means are reasonably calculated to achieve

3

```
```

actual delivery.  *OceanFirst*, 794 F. Supp. 2d at 754.  Here, Travelers proposes to do just that.  Accordingly, Travelers' motion is **GRANTED** and the subpoena may be served upon Ms. Bryant by sending a copy, along with this Order, by first class mail to 22519 Amherst, St. Clair Shores, Michigan, 48081, and by posting a copy of the subpoena at that address.  (DE 13.)

**IT IS SO ORDERED.**

Dated: February 24, 2017            s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 24, 2017, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti